WILLIAM W. BELLOWS & another *vs.* CHARLES McKENZIE & another, administrators.

Hampden.   September 24, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Sale,* Delivery.   *Damages,* In contract.

Where one agreed in writing to purchase a trustee's receipt representing five hundred shares of the stock of a corporation for the total price of $2,000, of which he paid $200 in cash on account and agreed to pay the balance on certain dates named, and thereafter the seller procured a trustee's receipt representing the shares made out in the name of the purchaser and held it ready for delivery upon payment of the balance of the purchase money, and the purchaser expressed his willingness to pay for it but stated his inability to raise the necessary money and asked for an extension of the time of payment, it was *held,* that it properly might be found, upon evidence showing the circumstances of the transaction, that the parties intended the title to the property to pass to the buyer, subject to the lien of the seller for the unpaid balance of the purchase money, and that, upon the failure of the buyer to pay such balance, the seller could recover it in an action of contract.

CONTRACT, upon the declaration printed below.   Writ dated December 10, 1908.

The declaration was as follows:

"And the plaintiffs say that the defendants' intestate made and entered into a written contract with the plaintiffs, a copy of which contract is hereto annexed, whereby and according to the terms whereof, the defendants' intestate agreed to purchase a Trustee's receipt for five hundred shares of the Utah-Bingham Mining Company at $4 per share and at the time of making said contract the defendants' intestate paid to the plaintiffs the sum of $200 on account of the contract price and agreed to pay the balance, to wit: the sum of $1800 on the date set forth in said written contract, and the plaintiffs further say that they have fully performed their part of said written contract, made and entered into between them and the defendants' intestate, but that the defendants' intestate failed and neglected and refused to perform his part of said written contract, and failed and neglected and refused to pay the plaintiffs said sum of $1800, although often demanded so to do,

and the plaintiffs say that they have demanded of the defendants the balance due on said contract, which sum the defendants have failed and neglected and refused to pay, and the defendants owe the plaintiffs the sum of $1800 and interest thereon from March 1, 1906."

Copies annexed to the plaintiffs' declaration were as follows:

"No. 560                     Springfield, 1 March, 1906.
Bellows Brothers,

Gentlemen: Allow me to order hereby Trustee's receipt for five hundred shares of the Utah-Bingham Mining Company at $4.00 per share for which I herewith pay $200 — and agree to pay the balance ($1800) by note payable as follows: in 6 and 12 mos. and oblige. This order carries with it an option on five hundred shares more at the same price for a period of 6 months from March the first. Order fow'd.

"J. C. Robertson."

"Spg. Mass. April 24/06.

"In connection with an order placed by Mr. J. C. Robertson with the firm of Bellows Bros. on March the first, 1906, it is understood and agreed that the giving of the note stated therein is hereby waived, but the payments are to stand as stated by agreement herewith.

To this agreement both parties hereunto set their signatures.

6 per cent interest will be charged on all balance.

Bellows Bros.<br>J. C. Robertson."

The defendants' answer contained a general denial and by way of equitable defense alleged fraud in the transaction.

In the Superior Court the case was heard by *Hardy*, J., without a jury. At the close of the plaintiffs' evidence the defendants rested and asked the judge to make the following rulings:

"1. That under the pleadings of the case it is not open to the plaintiffs to prove a sale of the shares of stock of the Utah-Bingham Mining Company and they cannot recover the balance of the purchase price therefor.

"2. If the trustee's receipt was never delivered or tendered to the defendants' intestate there was no transfer of title of the shares to him and the contract sued upon was an executory contract for purchase and not an executed contract of purchase.

"3. That the measure of damages is the difference between the market value of the shares at the time of the breach of the contract and the contract price.

"4. If the plaintiffs introduce no evidence as to such difference they are entitled to nominal damages."

The judge refused to make any of these rulings. He found that the contracts were made between the parties as set forth in the copies annexed to the declaration and that there was a waiver of the giving of the notes in accordance with the subsequent stipulation. He found that the allegations of fraud set forth in the answer were not sustained.

The judge also made the findings which are stated in the opinion. He found for the plaintiffs for the balance of the purchase price as claimed in the declaration; and the defendants alleged exceptions. The bill of exceptions contained no statement of evidence. It contained the statement that "the question presented by these exceptions relates entirely to the measure of damages."

The case was submitted on briefs.

*R. A. Knight & E. H. Brewster,* for the defendants.

*C. S. Ballard & C. J. Weston,* for the plaintiffs.

DeCourcy, J. As stated in the bill of exceptions, "the question presented . . . relates entirely to the measure of damages," the defendants contending that the proper measure of damages is the difference between the market value of the shares and the contract price, and that the trial judge erred in awarding to the plaintiffs the balance due upon the contract.

The evidence on which the decision was based is not before us. From certain findings of fact filed by the judge, it appears that J. C. Robertson, the defendants' intestate, on March 1, 1906, gave to the plaintiffs a written order for a "trustee's receipt for five hundred shares of the Utah-Bingham Mining Company at $4.00 per share;" paying $200 on account, and agreeing to pay the balance in six and twelve months. Subsequently the plaintiffs procured the receipt or certificate in the name of J. C. Robertson as owner which was to be delivered to Robertson on payment of the balance

of the purchase money. Presumably the judge found that this arrangement was made with the consent of Robertson. Among other things the memorandum states: "I find from the course of the correspondence between the parties that the defendants' intestate expressed his willingness to pay for the same, but also stated his inability to raise the necessary money and asked for an extension of time."

The finding in favor of the plaintiffs for the balance of the purchase price must have been based upon the judge's conviction that the evidence of the entire transaction between the parties, of which the written order was only a portion, established a case of an executed sale, and not merely an executory agreement to purchase. In the absence of the evidence clearly we cannot say that such conclusion was not warranted. On the contrary, it would appear from the record that the parties intended the title of the trustee's certificate to pass, and that the plaintiffs had done all they had to do in order to divest themselves of the property in the stock and to effect a complete transfer thereof to Robertson. The trustee's certificate was appropriated to the defendants' intestate, and he could obtain actual possession at any time upon payment of the balance of the price. Here could be found at least a completed bargain and sale, with transfer of title; and upon the buyer's refusal to pay, the seller was entitled to recover the purchase price, notwithstanding his retention of a lien therefor. *Thompson* v. *Alger*, 12 Met. 428. *Frazier* v. *Simmons*, 139 Mass. 531. *Mitchell* v. *Le Clair*, 165 Mass. 308. *Obery* v. *Lander*, 179 Mass. 125.

In view of the express stipulation in the exceptions that they relate entirely to the measure of damages, and the uncontradicted statement in the plaintiffs' brief that the first and second requests for rulings were waived by the counsel for the defendants, we do not consider that any question of pleading is now before us. It may be said, however, that it sufficiently appears by the declaration that the plaintiffs relied upon a completed sale and not upon an executory contract to sell.

*Exceptions overruled.*