Rowe, J.
This is an action of contract to recover the purchase price of a piano and upholstered bench in accordance with the terms of a sale agreement, the material portions of which read as follows:—
“Sale agreement. Received of Chickering & 'Sons one Chickering piano, Style 305, No. ' and upholstered bench the same to be used by me at 24 Morton Street, North Abington, Mass., for which I promise to pay Chickering & Sons or order, the sum of $695 payable as follows, $100 cash and balance $595 in 30 days. It is expressly agreed and understood that the right and title to the above described property shall remain in Chickering & Sons until the said full sum is paid by me to said Chickering & Sons. It is further agreed that transfer of the said piano to any express, transportation or forwarding company for shipment to me shall constitute full and complete delivery of said piano” (Signed by defendant).
*39 The plaintiff treating this as a conditional sales contract and waiving the condition for its benefit concerning the retention of title until payment, after the 30' days therein mentioned brought suit on the contract for the purchase price, on the theory that there had been an appropriation of the goods to the contract with the consequent passing of title to the defendant. The defendant, in whose favor the trial judge found, contends that the plaintiff’s only remedy is an action for breach of contract, which, she concedes, was made. The material subordinate facts which the trial judge could, and which the plaintiff claims should, have found, on the agreed statement of facts supplemented by some oral testimony are as follows:—
That on Dee. 7, 1936 the defendant went into the plaintiff’s place of business in Boston to buy a piano, and dealing with a Mr. Krebs, a salesman of the plaintiff, picked out a piano which was in the show room of the plaintiff as the kind of a piano she desired to purchase. She signed the contract set forth above, and paid $100 down at the plaintiff’s place of business and selected the kind of upholstery she desired to be put on a bench which was to be furnished with the piano, altho she saw no particular bench and picked out no particular style of bench; that it was agreed that the piano would be delivered to the defendant’s home at 24 Morton Street, North Abington on Dec. 23, that a few days after the defendant called to select the material for upholstering the bench and at least a week before the date of delivery a load of pianos arrived at the plaintiff’s place of business from which Krebs selected a piano similar to the sample shown the defendant when she first called at the plaintiff’s place of business; that he set this piano aside, together with a bench suitable for the piano, upholstered in the material selected by the defendant, tagging them both with the defendant’s name and put through an order to have the same shipped to the defendant’s home on Dee. 23; that on Dec. 22, the defendant talked with Krebs on the telephone and said that she had changed *40 her mind and did not want the piano and advised him not to deliver it to her home; that on Dec. 23, the plaintiff tendered a delivery of the piano and bench which had previously been set aside marked and held for the defendant; that an agent of the defendant refused delivery of the piano and bench.
The report concludes with this statement, “the court found from the facts that there had been no appropriation by the plaintiff nor was there any act by the agent or servants of the plaintiff which could be called an appropriation until after the repudiation by the defendant.”
The defendant filed several requests for rulings which were granted. The plaintiff filed 12 requests, some of which were denied. It is unnecessary to set out the requests in detail. The requests filed by the plaintiff were captioned “Bequests for rulings and findings of fact.” It is manifest from a perusal of them that several were requests for findings of fact rather than rulings of law. "While the trial judge would not be obliged to segregate those requests which he might think the plaintiff intended to be requests for rulings of law rather than for findings of fact, the plaintiff contends that the above quoted statement with which the report concludes, shows that trial judge proceeded upon the wrong theory of law as to what constitutes appropriation and that as stated in its brief, that there was “as a matter of law an appropriation of the goods to the contract” referring to the steps taken by Krebs. It is manifest that the plaintiff sought to bring such question before us and we will so consider it, without being over captious as to whether on a nicety of reasoning, this would be strictly so.
The plaintiff contends that the wording of the report that “the court found from the facts there had been no appropriation by the plaintiff nor was there any act by the agent or servants of the plaintiff which could be called an appropriation,” meant that as there was no act which “could” *41 be called an appropriation, that this was a ruling of law to the effect that there was no appropriation. We do not so construe the statement. The statement begins by saying the court “found” and evidently is intended to inform counsel that he could not find there had been an appropriation, as contended for by the plaintiff in its requests for findings of fact. The judge was weighing the effect of facts and not discussing any rule of law.
This leaves open the question as to whether on the facts, the trial judge, as matter of law, could draw no other inference than that there had been an appropriation. In our opinion the trial judge was not obliged to hold, that a technical appropriation as distinguished from mere segregation, had been made by the plaintiff.
The Sales Act, G. L. (Ter. Ed.) c. 106 §21, Rule 4 (1) provides, “if there is a contract to sell unascertained or future goods by description and goods of that description and in a deliverable state are unconditionally appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer. Such assent may be expressed or implied, and may be given either before or after the appropriation is made.” This section did not change the pre-existing common law.
The questions relative to sufficiency of an appropriation usually arise in instances either of required delivery or of setting apart of goods by the seller. In instances of delivery when the seller is obliged to select the goods to deliver, the buyer so knowing, the buyer’s assent may be inferred. And in setting apart of unascertained goods by the seller there must also be assent by the buyer, to the appropriation. It is often a difficult question as to whether such assent can be implied. Williston on Sales, P. 569.
*42 It is generally a question of fact as to whether mutual assent exists. In practice, difficulty arises not so much in the ascertainment of the goods as in determining whether there has been mutual assent. This is very often settled by the conduct of the buyer, rather than by his expressed acquiescence in so many words. Mariash on Sales, sec. 148.
The plaintiff relies on Mitchell v. LeClair, 165 Mass. 308 and Bristol Mfg. Corp. v. Arkwright Mills, 213 Mass. 172. Williston on Sales, P. 565 referring to Mitchell v. LeClair, supra, says “it will be noticed that in this case the buyer’s assent to the appropriation was given prior to the appropriation.” Void on Sales P. 106 note 43 calls attention that the facts in Mitchell v. LeClair, supra, showed a later acknowledgment by the buyer and a course of business between the parties from which the buyer’s assent to the seller’s appropriation could be inferred.
In Bristol Mfg. Corp. v. Arkwright Mills, supra, the other case relied on by the plaintiff, the opinion states on the last page, “it might have been found that the seller was implied authorized to make such appropriation by the buyer.” In Bellows v. McKenzie, 212 Mass. 601, 604, the word “found” is also used with reference to the facts, and in Eiseman Co. v. Rice, 248 it is said at page 274, “the goods were set apart as the property of the defendants; and the evidence warranted a finding that the sale was completed and the title passed. Mitchell v. LeClair, 165 Mass. 308.” These expressions relate to findings of fact rather than rulings of law.
In England, it has been held that if the seller appropriates the goods and so notifies the buyer, if the buyer does not promptly reply, it must be inferred after a reasonable time that he assents. Pignataro v. Gilroy, (1919) K. B. 459. In the case at bar no notice was given to the buyer. Instead, the defendant prior to knowledge of the claimed *43 appropriation, notified the plaintiff of her breach of the contract.
The plaintiff’s position is further weakened by the last term of the contract concerning transfer of the piano, American Soda Fountain Co. v. Gerrier’s Bakery, 78 P. (Okla.) 115, and the situation concerning the bench.
The specific rulings on the numbered requests need not be discussed in detail. We have considered the contention which the plaintiff has earnestly endeavored to bring before us, namely that the acts of the salesman, Krebs, in setting aside the property in the manner he did amounted to an appropriation as matter of law and we do not agree with that contention. We have not considered the question as to whether a more exacting analysis of the report would indicate other grounds which would preclude the plaintiff from being considered aggrieved.
There having been no prejudicial error in the trial, the report should be dismissed.

So ordered.